# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL STANLEY,** | : | **CIVIL NO. 1:CV-10-1077** |
| Petitioner, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

## M E M O R A N D U M

Darnell Stanley, an inmate confined at the Federal Correctional Institution at Allenwood (FCI-Allenwood), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Along with the petition, he also submitted a supporting Memorandum of Law. (Doc. No. 2.) He proceeds in forma pauperis in this matter. Stanley alleges that the Bureau of Prisons ("BOP") failed to give him credit for statutory good time for which he became eligible on June 27, 2003, at the expiration of his ten-year mandatory minimum sentence, the result of which has extended his parole eligibility date from July 18, 2009 until July 18, 2011. Following service of the petition, a response thereto was filed on June 25, 2010. (Doc. No. 7.) For the reasons that follow, the petition will be dismissed for failure to exhaust administrative remedies.

## I. Background

Stanley is currently serving a twenty-two (22) year to life term of imprisonment imposed on March 29, 1994, by the Superior Court for the District of Columbia for second degree murder, possession of a firearm during a crime of violence and unlawful possession of a pistol. (Doc. No. 1, Pet. at 2.) His parole eligibility date is July 18, 2011. (Doc. No. 7, Ex. 1, McCluskey Decl. ¶ 4; Attach. 1.) Stanley argues that he has been denied statutory good time by the BOP in the computation of his District of Columbia sentence. He claims that he has lost no good time

and has received no disciplinary infractions during his incarceration since 1994. He contends that if he had been provided with the SGT he is due, his parole eligibility date would have been at least two (2) years earlier. He states that he is aware of the requirement of exhaustion of administrative remedies prior to instituting a habeas petition, and that he is currently in the first stage of the exhaustion process. (Doc. No. 2 at 9.) He acknowledges that exhaustion is not complete. He argues, however, that to wait until the completion of the process to file this petition would cause him irreparable injury since it would not be complete until "sometime in August," and that the miscalculation on the part of the BOP has already cost him enough time. (Id. at 10.)

## II.     Discussion

Although Section 2241 does not contain a statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required an inmate to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)(citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(per curiam)); see also Marti v. Nash, 227 Fed. Appx. 148, 150 (3d Cir. 2007); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The three-level exhaustion procedure established by the Bureau of Prisons to be utilized by federal inmates is set forth at 28 C.F.R. §§ 542.10-542.19; Doc. No. 7, Ex. 1, McCluskey

Decl. ¶ 5. First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy." Id., at § 542.13(a); Doc. No. 7, Ex. 1 ¶ 6. Second, "[i]f an inmate is unable to informally resolve his complaint, he may file a formal written complaint [to the warden], on the appropriate form, within twenty (20) calendar days of the date on which the basis of the complaint occurred." Id., at § 542.15(a). In the event the inmate is dissatisfied with the warden's response, he may file an appeal to the BOP Regional Director within twenty (20) days. Id., § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to BOP Office of General Counsel/Central Office within thirty (30) calendar days from the date of the Regional Director's response. Id. No administrative remedy appeal is considered to have been fully exhausted until rejected by the BOP's Central Office, the final level of review. 28 C.F.R. § 542.15.

In the instant case, Stanley admittedly did not exhaust administrative remedies prior to filing the instant habeas petition. In his petition, he admits that he is currently in the midst of exhausting his claims through the BOP's administrative remedy process. Respondent maintains that the petition is therefore subject to dismissal on the basis of failure to exhaust. In support of his argument, Respondent attaches the declaration of Joseph McCluskey, Senior Attorney at the Federal Correctional Complex, Allenwood, along with supporting documentation. (Doc. No. 7, Ex. 1, McCluskey.) Respondent's submissions establish that Stanley has filed a total of 311 administrative remedies during his incarceration with the BOP, but only one of those administrative remedies (590496-F1) is with respect to the credit of statutory good time. (Id. at ¶ 10; Attach. 2, Administrative Remedy Generalized Retrieval.) This particular remedy was not

3

filed with the institution until May 18, 2010, two (2) days prior to the filing of the instant habeas petition. (Id., Ex. 1 ¶ 10; Attach. 3, Administrative Remedy 590496-F1.) On June 10, 2010, Stanley appealed the Warden's denial of his remedy to the Regional Office. (Id.) The Regional Office response to Stanley's appeal is not even due until July 10, 2010. (Doc. No. 7, Ex. 1, Attach. 4.)

Based on the foregoing, it is clear that Stanley is currently in the process of exhausting his claims, and has not yet completed the required process. Stanley apparently seeks to be excused from the exhaustion requirement because he feels he has been harmed enough by the BOP's alleged failure to credit his sentence with statutory good time. Exhaustion of administrative remedies is found not to be required where administrative procedures are unavailable or incompetent to provide adequate redress or where exhaustion would be futile. See Muhammad v. Carlson, 739 F.2d 122, 123 (3d Cir. 1984); Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992); see also Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998). Such is not the case here. Administrative procedures are available, and are competent to provide a review of Stanley's claims.

As Respondent points out, courts in this district have required exhaustion of administrative remedies in cases filed by inmates who seek twelve-month placements in Residential Re-entry Centers ("RRCs") under the Second Chance Act of 2007, even though requiring exhaustion could reduce the amount of time they would be permitted to spend in an RRC. See Torres v. Martinez, Civ. No. 3:09-CV-1070, slip op. at 6-9 (M.D. Pa. Aug. 12, 2009)(Munley, J.)(finding that circumstances are not of such urgency so as to consider exhaustion futile "just because a prisoner anticipates he will be unsuccessful in his

4

administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate."); see also Miceli v. Martinez, No. 1:08-CV-1380, 2008 WL 4279887 (M.D. Pa. Sept. 15, 2008)(Rambo, J.) (dismissing petition for failure to exhaust administrative remedies and rejecting Petitioner's argument that he would be further prejudiced by the delay of completing exhaustion process.)

In addition, it is noteworthy that Stanley admits his failure to complete the exhaustion process prior to commencing this action. (Doc. 2 at 7-10.) While he claims that due to the BOP's alleged improper computation of his statutory good time he has already served time well beyond parole eligibility date, it was Stanley who waited to file his only administrative remedy request until May of 2010. Surely, his decision to wait to pursue administrative relief does not render the administrative remedy system unavailable or incompetent. For these reasons, the Court will dismiss the instant petition without prejudice for failure to exhaust administrative remedies. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL STANLEY,** | : | CIVIL NO. 1:CV-10-1077 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

# O R D E R

**AND NOW,** this 29th day of June, 2010, upon consideration of the petition for writ of habeas corpus under 28 U.S.C. § 2241, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. No. 1) is **dismissed without prejudice.**

2. The Clerk of Court is directed to **close this case**.

*S/ Yvette Kane*
YVETTE KANE, Chief Judge
Middle District of Pennsylvania